# Exhibit A

| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| COUNTY OF AIKEN | ) | |
| | ) | CIVIL ACTION COVERSHEET |
| Recardo Coleman, | ) | |
| Plaintiff(s) | ) | 05 - CP - 02 - 279 |
| vs. | ) | |
| Benjamin Aiken, et al. | ) | |
| Defendant(s) | ) | |

| (Please Print) | SC Bar #: | 66567 |
|---|---|---|
| Submitted By: J. David Butler | Telephone #: | 803-541-7850 |
| Address: 1730 Jackson Street | Fax #: | 803-541-9625 |
| Barnwell, SC 29812 | Other: | |
| | E-mail: | dbutler@rpwb.com |

NOTE: The cover sheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this cover sheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (Check all that apply)

*If Action is Judgment/Settlement do not complete*

☒ JURY TRIAL demanded in complaint.   ☐ NON-JURY TRIAL demanded in complaint.
☐ This case is subject to ARBITRATION pursuant to the Circuit Court Alternative Dispute Resolution Rules.
☐ This case is subject to MEDIATION pursuant to the Circuit Court Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR (certificate attached).

## NATURE OF ACTION (Check One Box Below)

**Contracts**
☐ Constructions (100)
☐ Debt Collection (110)
☐ Employment (120)
☐ General (130)
☐ Breach of Contract (140)
☐ Other (199)

**Torts - Professional Malpractice**
☐ Dental Malpractice (200)
☐ Legal Malpractice (210)
☐ Medical Malpractice (220)
☐ Other (299)

**Torts – Personal Injury**
☐ Assault/Slander/Libel (300)
☐ Conversion (310)
☐ Motor Vehicle Accident (320)
☐ Premises Liability (330)
☐ Products Liability (340)
☒ Personal Injury (350)
☐ Other (399)

**Real Property**
☐ Claim & Delivery (400)
☐ Condemnation (410)
☐ Foreclosure (420)
☐ Mechanic's Lien (430)
☐ Partition (440)
☐ Possession (450)
☐ Building Code Violation (460)
☐ Other (499)

**Inmate Petitions**
☐ PCR (500)
☐ Sexual Predator (510)
☐ Mandamus (520)
☐ Habeas Corpus (530)
☐ Other (599)

**Judgments/Settlements**
☐ Death Settlement (700)
☐ Foreign Judgment (710)
☐ Magistrate's Judgment (720)
☐ Minor Settlement (730)
☐ Transcript Judgment (740)
☐ Lis Pendens (750)
☐ Other (799)

**Administrative Law/Relief**
☐ Reinstate Driver's License (800)
☐ Judicial Review (810)
☐ Relief (820)
☐ Permanent Injunction (830)
☐ Forfeiture (840)
☐ Other (899)

**Appeals**
☐ Arbitration (900)
☐ Magistrate-Civil (910)
☐ Magistrate-Criminal (920)
☐ Municipal (930)
☐ Probate Court (940)
☐ SCDOT (950)
☐ Worker's Comp (960)
☐ Zoning Board (970)
☐ Administrative Law Judge (980)
☐ Public Service Commission (990)
☐ Employment Security Comm (991)
☐ Other (999)

**Special/Complex /Other**
☐ Environmental (600)
☐ Automobile Arb. (610)
☐ Medical (620)
☐ Pharmaceuticals (630)
☐ Unfair Trade Practices (640)
☐ Other (699)

Submitting Party Signature: _/s/_       Date: 3/21/2005

Note: Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

FILED 3/21/2005
_Liz Godard_
C.C.P.&G.S.
_Miranda Brown_
Deputy Clerk

Page 1 of 2

SCCA /234 (5/04)

## FOR MANDATED ADR COUNTIES ONLY
Florence, Horry, Lexington, Richland, Greenville**, and Anderson**
** Contact Respective County Clerk of Court for modified ADR Program Rules

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**You are required to take the following action(s):**

1. The parties shall select a neutral within 210 days of filing of this action, and the Plaintiff shall file a "Stipulation of Neutral Selection" on or before the 224th day after the filing of the action. If the parties cannot agree upon the selection of the neutral within 210 days, the Plaintiff shall notify the Court by filing a written "Request for the Appointment of a Neutral" on or before the 224th day after the filing of this action. The Court shall then appoint a neutral from the Court-approved mediator/arbitrator list.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Case are exempt from ADR only upon the following grounds:

    a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b. Cases which are appellate in nature such as appeals or writs of certiorari;

    c. Post Conviction relief matters;

    d. Contempt of Court proceedings;

    e. Forfeiture proceedings brought by the State;

    f. Cases involving mortgage foreclosures; and

    g. Cases that have been submitted to mediation with a certified mediator prior to the filing of this action.

4. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference had been concluded.

**Please Note:** You must comply with the Supreme Court Rules regarding ADR. Failure to do so may affect your case or may result in sanctions.

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FOR THE SECOND JUDICIAL CIRCUIT |
| COUNTY OF AIKEN ) | CIVIL ACTION NO: 05-CP-02-279 |
| ) | |
| Recardo Coleman, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | SUMMONS |
| ) | |
| Benjamin Aiken, Mike Ford and ) | |
| James Thornton, Norfolk Southern ) | |
| Corporation and Norfolk Southern ) | |
| Railway Company, ) | |
| ) | |
| Defendants. ) | |

**TO THE DEFENDANTS, ABOVE NAMED:**

YOU ARE HEREBY SUMMONED and required to answer the First Amended Complaint, a copy of which is herewith served upon you, and to serve a copy of your answer to said First Amended Complaint upon the subscriber, at their office at 1730 Jackson Street, Barnwell, South Carolina, within thirty (30) days after the service hereof, exclusive of the day of such service, and if you fail to answer the First Amended Complaint within the time aforesaid, Plaintiffs will apply to the court for a judgment by default as to the relief demanded in the First Amended Complaint.

March 21, 2005

RICHARDSON, PATRICK,
WESTBROOK & BRICKMAN, LLC

Terry E. Richardson, Jr.
J. David Butler
Daniel S. Haltiwanger
1730 Jackson Street
P.O. Box 1368
Barnwell, SC 29812
(803)541-7850

FILED 3/21 2005

C.C.P.&G.S.

Deputy Clerk

Richard Hendricks
FINCH McCRANIE, LLP
SC Bar No. 003037
225 Peachtree Street, N.E.
1700 South Tower
Atlanta, GA 30303
(404) 658-9070

ATTORNEYS FOR THE PLAINTIFF

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FOR THE SECOND JUDICIAL CIRCUIT |
| COUNTY OF AIKEN ) | CIVIL ACTION NO: 05-CP-02-279 |
| | |
| Recardo Coleman, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | FIRST AMENDED COMPLAINT |
| ) | |
| Benjamin Aiken, Mike Ford and ) | Plaintiff Demands a Jury Trial |
| James Thornton, Norfolk Southern ) | |
| Corporation and Norfolk Southern ) | |
| Railway Company. ) | |
| ) | |
| Defendants. ) | |

NOW INTO COURT, through undersigned counsel, comes Plaintiff Recardo Coleman, a citizen and resident of the State of South Carolina and sues the defendants and alleges as follows:

## PARTIES

1. Defendants herein are:

    a. Defendant Benjamin Aiken is a citizen and resident of Richland County, State of South Carolina.

    b. Defendant Mike Ford is a citizen and resident of Lexington County, State of South Carolina.

    c. Defendant James Thornton is a citizen and resident of Lexington County, State of South Carolina. (Hereinafter Defendants Aiken, Ford and Thornton will be referred to collectively as the "Train 1 Crew").

FILED 3/21 2005
Liz Godard
A.C.C.P.&G.S.                p.40

    d.    At all times relevant hereto. Defendants Aiken. Ford and Thornton were acting in the course and scope of their employment with Norfolk Southern Railway Company.

    e.    Defendant Norfolk Southern Corporation ("NSC") is, upon information and belief, a corporation organized in a state other than South Carolina, which owns real and personal property in South Carolina, which regularly conducts business in the State of South Carolina and, more particularly, in Aiken County; and caused tortious injuries in Aiken County, South Carolina. NSC owns or has an interest in defendant Norfolk Southern Railway Company ("NSRC") and is liable for the acts or omissions of NSRC and its employees.

    f.    Defendant Norfolk Southern Railway Company ("NSRC") is, upon information and belief, a corporation organized in a state other than South Carolina, which owns real and personal property in South Carolina, which regularly conducts business in the State of South Carolina and, more particularly, in Aiken County; and caused tortious injuries in Aiken County, South Carolina.

    g.    Defendants NSC and NSRC own and/or operate the Norfolk Southern Railroad lines.

## FACTS

2.    NSRC, is one of the nation's largest rail carriers and owns or operates more than 21,000 miles of railroad track in twenty-two states.

3. NSRC transports a wide array of products on its rail systems, including, but not limited to, dangerous, toxic chemicals including chlorine gas.

4. On or about January 5, 2005, Defendants Aiken, Ford, and Thornton, acting in the course and scope of their employment with NSRC, were operating a train (hereinafter "Train 1") and its contents within Aiken County, South Carolina. They parked Train 1 on a side rail at or near an Avondale Mills facility in Graniteville, South Carolina. To do so, Train 1 Crew had to open a rail switch to the side rail from the main line. After parking Train 1 on the side rail, Defendants Ford, Aiken and Thornton failed to realign the switch so that subsequent trains would remain on the main line.

5. Early on January 6, 2005, while Train 1 was stationary on the side rail, Norfolk Southern train No. 192, (hereinafter "Train 2") which included several cars containing hazardous materials, including chlorine gas, attempted to pass through the main line in Graniteville, South Carolina. Upon information and belief, the above-mentioned switch was not properly lined resulting in Train 2's diversion onto the siding occupied by Train 1. Train 1 and Train 2 collided resulting in a derailment.

6. Train 2 included at least one tank car containing hazardous chlorine gas. As a result of the collision between Train 1 and Train 2, at least one tank car containing hazardous chlorine gas was ruptured resulting in the release of chlorine gas.

7. Upon information and belief, Defendants were responsible for ensuring that the manual switch at the involved siding was realigned for Train 2.

8. The NSC and NSRC Defendants had no devices or methods in place or inadequate devices or methods to alert any oncoming trains of the orientation of the involved switch

which would have prevented oncoming trains from being improperly directed onto the side rail.

9. Upon information and belief, during the release, the prevailing wind, weather and geographic conditions resulted in a plume of toxic gas being carried into and around the Avondale Mills facility where Plaintiff was working. Upon information and belief, the plume affected at least a one (1) mile radius of the train collision.

10. Upon information and belief, shortly after the release began, the Aiken County Sheriff and Graniteville Police Departments ordered an evacuation of all people within a one mile radius of the release. As a result, thousands of people were evacuated from their homes and businesses and could not return for one or more days.

11. Recardo Coleman was working at an Avondale Mills facility in close proximity to the site of the train collision. As a direct result of the release of the chlorine gas Recardo Coleman was exposed to and inhaled said chlorine gas and became ill.

## COUNT ONE AGAINST ALL DEFENDANTS

### (Negligence)

12. Plaintiff repeats and realleges his previous allegations as though fully set forth herein.

13. At all times relevant the Norfolk Southern Defendants owned, operated, or controlled the above-referenced trains as well as the railway lines upon which they operated and the switching devices attendant to said rail lines in and around Graniteville, South Carolina.

14. Upon information and belief, at all times relevant, the Norfolk Southern Defendants employed Defendants Ford, Aiken and Thornton, who were acting within the course and scope of their employment. The Norfolk Southern Defendants are therefore vicariously

liable for all acts and negligence of Defendants Ford. Aiken and Thornton as set forth throughout this complaint.

15. Defendants had a duty to conduct themselves and their operations in a safe manner and to operate and maintain track, switches and locomotives. and to train personnel and implement appropriate methods and devices. so as to prevent collisions that would endanger the communities through which NSRC's trains pass.

16. On information and belief, the operation of the track switches was within the scope of the Train 1 Crew's employment with NSC and/or NSRC.

17. The collision described above, as well as the subsequent leak of hazardous chlorine gas and the resulting damages to Plaintiff were proximately caused by the willful, wanton, reckless, grossly negligent, and negligent acts of the Defendants. including but not limited to:

   a. Failing to realign the above-referenced rail switch in Graniteville so that Train 2 would not be diverted onto the side rail from the main line;

   b. Failing to incorporate adequate, reasonable, and necessary safety and warning devices into Train 2, the railway lines, and the manual switching device described above so that there would be an indication of an open rail switch;

   c. Failing to operate the above-referenced trains, the railway lines, and the manual switching device described above in a reasonable and safe manner;

   d. Failing to warn about the dangerous characteristics of its trains, railway lines, manual switching devices, and materials being transported;

   e. Failing to provide Defendant NSC and NSRC's employees and agents with the training, methods and knowledge as to reasonably safe and sufficient safety

measures. devices. and warnings in the operation of its trains. railway lines. and switching devices:

f.  Failing to conform to state law and other regulations governing train and railroad safety;

g.  Failing to conform to a reasonable standard of conduct under all of the circumstances;

h.  Failing to develop or implement an adequate emergency preparedness plan and equipment to control or otherwise mitigate the release of toxic or hazardous materials carried or hauled by Defendant NSC or NSRC's trains;

i.  Failing to inspect and discover the misaligned position of the switch in time to correct it or to warn approaching trains traveling on the main line that said switch was improperly lined;

j.  In negligently failing to furnish the crew of the parked train with adequate training and instruction in the safe performance of their assigned tasks;

k.  In negligently failing to furnish the crew of the parked train with reasonably competent supervision;

l.  In negligently staffing the parked train with a crew that did not have reasonable rest and as a result thereof said crew was fatigued and distracted thereby causing them to fail to properly line the switch; and

m.  Such other and further particulars as may be found during discovery.

18. On information and belief, Defendants breached federal, state and/or local statutes and/or regulations governing their ownership, control, operation, use, maintenance, inspection

and/or transportation and handling of hazardous materials. which were designed to specifically protect against occurrences such as collision and release. and which were specifically designed to protect against death and injury from the collision and release. Because Defendants breached said statutes or regulations. Defendants are guilty of negligence *per se*.

19. As a proximate result of the foregoing, Recardo Coleman suffered illness and disability, and is entitled to recover as more particularly set forth below.

## COUNT TWO AGAINST ALL DEFENDANTS
### (Strict Liability)

20. Plaintiff repeats and realleges the previous allegations as though fully set forth herein verbatim.

21. In transporting hazardous chlorine gas, the Defendants are engaged in ultra-hazardous activities and the use of dangerous instrumentalities. As such, the Defendants are strictly liable for any damages that arise from those ultra-hazardous activities and use of dangerous instrumentalities.

22. As a direct and proximate result of the ultra hazardous activities and use of dangerous instrumentalities by the Defendants, the illness and disability of Recardo Coleman resulted and the Plaintiff suffered the damages described above.

23. Pursuant to common law strict liability and/or the Restatement of Torts (second) § 519, and § 520, the Defendants are strictly liable for the damages and injuries to the Plaintiff.

24. Due to the Defendants' strict liability, Plaintiff is entitled to recover actual damages as determined by a jury.

## COUNT THREE AGAINST ALL DEFENDANTS
### (Punitive Damages)

25. Plaintiff repeats and realleges the previous allegations as though fully set forth herein verbatim.

26. Upon information and belief, Defendants knew of the hazards attendant to the handling, use, transportation, inspection and/or protection of the dangerous chemicals and knew that exposure to these chemicals involved a serious risk of personal injury to persons, and damage to property.

27. In spite of Defendants' knowledge of the hazards associated with chlorine and knowledge of the health and property damage risks involved, and despite Defendants NSC and NSRC's prior history of unauthorized toxic releases, Plaintiff is informed and believes that Defendants intentionally, or with wanton and reckless disregard for the public safety, failed to take protective measures to prevent the collision from occurring.

28. As a result of the foregoing intentional or wanton and reckless conduct by Defendants, the collision and subsequent release occurred, causing chlorine exposure to Recardo Coleman resulting in his suffering injury and illness.

29. As a result of exposure to chlorine gas, Plaintiff has suffered and sustained very serious injuries to his person requiring medical treatment.

30. Plaintiff has further suffered great pain, extreme nervousness and mental anguish as a direct result of the aforesaid injuries.

31. Plaintiff verily believes that his injuries and illnesses are permanent in nature and that he will be forced to suffer same for the remainder of his life, that his enjoyment of life has been greatly impaired and, further, that his expected life span has been greatly shortened.

32. Plaintiff alleges that as a result of the aforesaid illnesses, he has been forced to incur large amounts of medical expenses by way of doctor and drug bills and believes that he will be forced to incur additional expenses in an effort to treat his illnesses as aforesaid, all the Plaintiff's damages, compensatory and punitive in amounts to be determined by the trier of fact.

WHEREFORE, Plaintiff prays judgment, joint and several, against the defendants for compensatory and punitive damages in amounts to be determined by the trier of fact, and for the costs of this action.

## JURY TRIAL DEMAND

33. Plaintiff hereby demands a trial by Jury.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that he recovers against the Defendants:

A. There be a trial by jury on all issues in this case allowed by law;

B. That there be judgment in favor of the Plaintiff and against the Defendants, jointly and severally, for compensatory damages plus punitive damages as determined by a jury.

C. That there be judgment in favor of the Plaintiff and against the Defendants as set forth herein; and,

D. For all other general and equitable relief as this Court deems proper.

Respectfully submitted,

RICHARDSON, PATRICK,
WESTBROOK & BRICKMAN, LLC

_____
Terry E. Richardson, Jr.
J. David Butler
Daniel S. Haltiwanger
1730 Jackson Street
P.O. Box 1368
Barnwell, SC 29812
(803)541-7850


Richard Hendricks
FINCH McCRANIE, LLP
SC Bar No. 003037
225 Peachtree Street, N.E.
1700 South Tower
Atlanta, GA 30303
(404) 658-9070

ATTORNEYS FOR THE PLAINTIFF

March  21 , 2005